IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES L. GIBSON,

       Petitioner,

vs.                                                        CIVIL NO. 16-cv-904-DRH

MICHAEL J. BUETTNER,

       Respondent.

### MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner, currently on probation in St. Clair County, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his probation. While the Illinois Court of Appeals noted that under Illinois law, probation does not entitle one to habeas relief, *Gibson v. Buettner*, No. 5-14-0014, 2014 WL 4657299 (Ill. App. 5th Dist. Sept. 18, 2014), the Seventh Circuit has held that § 2254 is the appropriate vehicle for relief for a person seeking release from the conditions of their probation. *Thomas v. Zaruba*, 188 F. App'x 485, 486 (7th Cir. 2006). Accordingly, the underlying petition was filed on August 11, 2016. Petitioner challenges his term of conditional probation imposed by the state court for his conviction of cocaine possession.

    Petitioner was arrested on April 25, 2008 after a traffic stop for failing to signal revealed cannabis and cocaine. (Doc. 2, p. 1). Although petitioner was originally arrested for cannabis possession, he was never charged with that crime or issued a ticket for failure to signal. After his motion to suppress was denied on

1

April 9, 2010, petitioner was tried by a jury on September 13, 2010 and found guilty of unlawful possession of a controlled substance.  Petitioner was sentenced to three years of conditional probation.  (Doc. 2, p. 2).

Petitioner filed a direct appeal on December 28, 2010. The Fifth District Appellate Court denied the appeal on October 12, 2012.  Petitioner never appealed to the Illinois Supreme Court.  (Doc. 2, p. 2).  Petitioner then filed for a writ of habeas corpus in the circuit court of St. Clair County on October 31, 2013.  The Circuit Court denied the petition on December 4, 2013, and petitioner filed another appeal with the Fifth District on January 3, 2014.  The Fifth District denied the appeal on September 15, 2014.  (Doc. 2, p. 3).  Petitioner never sought leave to appeal to the Illinois Supreme Court.  (Doc. 2, p. 4).  Petitioner now brings this suit making the same arguments he made to the Illinois Appellate Court.

## **Discussion**

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  After carefully reviewing the Petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Before a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for the failure to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review. *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). A prisoner need not pursue all separate state remedies that are available to him but must give "the state courts one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509. Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

Petitioner has affirmatively stated here that he has not exhausted his state court remedies. He did not appeal the unfavorable state appellate court decision to the Illinois Supreme Court on either the round of direct review or during post-conviction relief. Petitioner does not explain why he did not seek leave to appeal or argue that the exhaustion requirement should be excused in his case. Until

petitioner fully completes the state appellate review process, his claims remain unexhausted. Further, petitioner has not made any showing of cause and prejudice for the failure to exhaust his state court remedies on this matter.

## Disposition

For the reasons stated above, the instant habeas Petition is **DISMISSED** without prejudice. If necessary, Petitioner may re-file his claims raised herein after his state court remedies are fully exhausted, so long as he does so within the applicable time limits. *See* 28 U.S.C. § 2244(d)(1).

Petitioner's Motion for Service at Government Expense is **DENIED AS MOOT.** (Doc. 4).

**IT IS SO ORDERED**

**DATED: September 11, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.09.11 20:05:24 -05'00'

**United States District Judge**